| STATE OF NORTH CAROLINA | RECEIVED  JUL 21 MOORESVILLE TOWN ATTORNEY | File No. aa 04502301 |
|---|---|---|
| IREDELL County | | In The General Court Of Justice ☐ District ☒ Superior Court Division |

| Name And Address Of Plaintiff 1<br>Kimberly Nitzu<br>5120 Monroe Road<br>Charlotte, NC 28205 | **GENERAL**<br>**CIVIL ACTION COVER SHEET**<br>☒ INITIAL FILING    ☐ SUBSEQUENT FILING |
|---|---|
| Name And Address Of Plaintiff 2<br>Town of Mooresville, NC<br>413 North Main Street<br>Mooresville, NC 28115 | Rule 5(b), Rules of Practice For Superior and District Courts<br>Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)<br>Jenny L. Sharpe, Esq<br>5120 Monroe Road<br>Charlotte, NC 28205 |

VERSUS

| Name Of Defendant 1<br>Town of Mooresville, NC | Telephone No. 704-567-5297 | Cell Telephone No. 704-858-2581 |
|---|---|---|
| | NC Attorney Bar No. 13698 | Attorney E-Mail Address sharpeattorney@gmail.com |
| Summons Submitted ☒ Yes ☐ No | ☒ Initial Appearance in Case | ☐ Change of Address |
| Name Of Defendant 2 | Name Of Firm<br>Law Offices of Jenny Sharpe | |
| | FAX No. 704-567-5389 | |
| | Counsel for<br>☒ All Plaintiffs  ☐ All Defendants  ☐ Only (List party(ies) represented) | |
| Summons Submitted ☐ Yes ☐ No | | |
| ☒ Jury Demanded In Pleading<br>☐ Complex Litigation | ☐ Amount in controversy does not exceed $15,000<br>☐ Stipulate to arbitration | |

| TYPE OF PLEADING | CLAIMS FOR RELIEF FOR: |
|---|---|
| (check all that apply) | (check all that apply) |
| ☐ Amended Answer/Reply (AMND-Response) | ☐ Administrative Appeal (ADMA) |
| ☐ Amended Complaint (AMND) | ☐ Appointment of Receiver (APRC) |
| ☐ Answer/Reply (ANSW-Response) | ☐ Attachment/Garnishment (ATTC) |
| ☒ Complaint (COMP) | ☐ Claim and Delivery (CLMD) |
| ☐ Confession of Judgment (CNFJ) | ☐ Collection on Account (ACCT) |
| ☐ Counterclaim vs. (CTCL) | ☐ Condemnation (CNDM) |
| ☐ All Plaintiffs  ☐ Only (List on back) | ☐ Contract (CNTR) |
| | ☐ Discovery Scheduling Order (DSCH) |
| ☐ Crossclaim vs. (List on back) (CRSS) | ☐ Injunction (INJU) |
| ☐ Extend Statute of Limitations, Rule 9 (ESOL) | ☐ Medical Malpractice (MDML) |
| ☐ Extend Time For Answer (MEOT-Response) | ☐ Minor Settlement (MSTL) |
| ☐ Extend Time For Complaint (EXCO) | ☐ Money Owed (MNYO) |
| ☐ Rule 12 Motion In Lieu Of Answer (MDLA) | ☐ Negligence - Motor Vehicle (MVNG) |
| ☐ Third Party Complaint (List Third Party Defendants on Back) (TPCL) | ☐ Negligence - Other (NEGO) |
| ☐ Other: (specify) | ☐ Motor Vehicle Lien G.S. 44A (MVLN) |
| | ☐ Limited Driving Privilege - Out-of-State Convictions (PLDP) |
| | ☐ Possession of Personal Property (POPP) |
| | ☐ Product Liability (PROD) |
| | ☐ Real Property (RLPR) |
| | ☐ Specific Performance (SPPR) |
| | ☒ Other: (specify) Employment - Retaliation and Violation of ADA |

NOTE: Small claims are exempt from cover sheets.

| Date<br>07/18/2008 | Signature Of Attorney/Party<br>Jenny L. Sharpe |
|---|---|

NOTE: The initial filing in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the re subsequent filings in civil actions, the filing party must either include a cover sheet or the filing must comply with G.S. 7A-34.1.

AOC-CV-751, Rev. 12/06, © 2006 Administrative Office of the Courts

EXHIBIT A

| STATE OF NORTH CAROLINA | File No. 8CVS02321 |
|---|---|
| IREDELL County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff |  |
|---|---|
| KIMBERLY NITZU | |
| Address | **CIVIL SUMMONS** |
| 5120 Monroe Road | ☐ ALIAS AND PLURIES SUMMONS |
| City, State, Zip | |
| Charlotte, NC 28205 | G.S. 1A-1, Rules 3, 4 |
| VERSUS | |
| Name Of Defendant(s) | Date Original Summons Issued |
| TOWN OF MOORESVILLE, NC | 07-18-2008 |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Erskine Smith, Town Manager | |
| 413 North Main Street | |
| Mooresville, NC 28115 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| Jenny L. Sharpe, Attorney at Law | 7-18-08 | 10:18 | ☒ AM ☐ PM |
| 5120 Monroe Road | Signature: Marilyn N. Jaluz | | |
| Charlotte, NC 28205 | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT | Date Of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
IREDELL COUNTY     ___ CVS ___ 8CV02321

KIMBERLY NITZU,

   Plaintiff,

v.

TOWN OF MOORESVILLE, N.C.,

   Defendant.

**COMPLAINT**
**JURY TRIAL DEMANDED**

The Plaintiff, Kimberly Nitzu, being duly sworn, alleges and says the following:

## STATEMENT OF FACTS

1. The Plaintiff is an adult citizen and resident of Iredell County, North Carolina.

2. The Defendant, Town of Mooresville, North Carolina (hereinafter referred to as "Defendant"), was, and continues to be a political subdivision of the State of North Carolina. Further, Defendant has waived its governmental immunity to this action through the purchase of a liability insurance policy pursuant to N.C. Gen. Stat. §160A-485.

3. At all relevant times, the Defendant was, and continues to be an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended, as well as within the meaning of the Americans with Disabilities Act.

4. The Defendant employed the Plaintiff as a police officer during the period beginning February, 2000, through October, 2002. Throughout her employment with

Defendant, Plaintiff performed the duties of her employment in a satisfactory manner and met all of the reasonable expectations of her employer for the position held by her.

5. During her employment with Defendant, Plaintiff filed an internal complaint of sexual harassment against police Sergeant, Michael Layton. In her complaint, Plaintiff alleged that Layton had engaged in egregious acts of sexual harassment, including, but not limited to, comments of a lewd and sexual nature, gestures simulating sexual intercourse or other sexual acts, and forceibly grabbing Plaintiff's hair and throat. Plaintiff's complaint of sexual harassment was investigated and verified by the Defendant. Based upon information and belief, Defendant's Chief of Police, John A. Crone, disciplined Sergeant Layton for his misconduct, but did not terminate his employment. Thereafter, Plaintiff voluntarily resigned from her position as a police officer and accepted employment with Nationwide Insurance Company.

6. In September of 2006, Plaintiff re-applied for employment as a police officer with Defendant. In connection with her application, Plaintiff received a conditional offer of employment from Defendant on September 28, 2006, subject to psychological testing. Up to that point, Plaintiff had passed the background check, as well as the physical testing required for the position. Inasmuch as Plaintiff was given a conditional offer of employment, she met or exceeded the necessary qualifications for the position and was deemed worthy of hire. Plaintiff's starting salary with Defendant was to be $33,948.00 per year.

7. On or about October 13, 2006, Defendant's recruiting officer, Brian Anderson, advised Plaintiff, through her husband, that it would be safe for Plaintiff to give notice of her resignation to her then current employer, Nationwide Insurance, as her employment

with Defendant seemed certain. Relying on this representation, Plaintiff resigned her then current position, which had paid her an annual salary of $40,000.00, and awaited notification of her start date with Defendant.

8. However, by correspondence dated November 7, 2006, Chief of Police Crone notified Plaintiff that her conditional offer of employment with Defendant had been withdrawn on the basis of her background and psychological evaluation. To Plaintiff's knowledge, she does not suffer from any medical or psychological condition that might impair her ability to perform the essential functions of a police officer or which impair any major life activity. Further, by the time of Defendant's conditional offer of employment, the Defendant had completed its background check and had previously advised Plaintiff that no problems existed as to her references, general education, experience, or overall qualifications for the position in question.

9. Based upon these facts, Plaintiff contends that she was refused employment by Defendant in retaliation for her previous sexual harassment complaint against Sergeant Layton and because of her participation in a sexual harassment investigation in violation of Title VII of the Civil Rights Act of 1964, as amended. Alternatively, and/or in addition to this claim, Plaintiff alleges that the Defendant unlawfully perceived her as a person with a disability as that term is defined under the Americans with Disabilities Act and refused her employment as a police officer on that basis.

10. On December 28, 2006, Plaintiff filed a charge of discrimination with the Charlotte District Office of the U.S. Equal Employment Opportunity Commission, styled *Kimberly Nitzu v. Town of Mooresville, EEOC Charge No. 430-2007-01155.* In her charge, Plaintiff alleged that the Defendant refused her employment because of her sex

and/or had refused her employment in retaliation for her participation in a sexual harassment investigation in violation of Title VII of the Civil Rights Act of 1964, as amended. In addition, Plaintiff claimed that she was denied employment because the Defendant perceived her as an individual with a disability in violation of the Americans with Disabilities Act. A copy of Plaintiff's charge of discrimination is attached and is incorporated by reference hereto as "Exhibit A."

11. On October 1, 2007, the U.S. Equal Employment Opportunity Commission issued a Determination in the matter of EEOC Charge No. 430-2007-01155, finding, in part, that reasonable cause existed to believe that the Defendant had refused Plaintiff employment in retaliation for having complained about practices made unlawful under Title VII. A copy of the EEOC's Determination is attached and is incorporated by reference hereto as "Exhibit B."

12. On April 21, 2008, the EEOC and the U.S. Department of Justice issued to Plaintiff its Notice of Right to Sue.

13. All procedural prerequisites to the filing of this action have been fulfilled.

14. This Court has jurisdiction over the parties and over the subject matter of this Complaint.

## FIRST CAUSE OF ACTION
**(Violation of Title VII of the Civil Rights Act of 1964, as amended – Retaliation)**

15. Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 14 of this Complaint.

16. The Defendant, by and through its Chief of Police, refused Plaintiff gainful employment in retaliation for and because of her previous complaints of sexual

harassment and/or because of her participation in a sexual harassment investigation all in violation of Title VII of the Civil Rights Act of 1964, as amended.

17. As a direct and proximate result of the Defendant's actions, Plaintiff suffers, and continues to suffer present and future pecuniary losses, including, but not limited to loss of wages, bonuses, and retirement benefits. In addition, Plaintiff has sustained, as a direct and proximate result of Defendant's actions, damages in the form of emotional distress, including, but not limited to humiliation, anxiety, depression, loss of professional reputation and standing. Accordingly, Plaintiff is entitled to compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

## SECOND CAUSE OF ACTION
### (Violation of Americans with Disabilities Act)

18. Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 17 of this Complaint.

19. The Defendant, by and through its Chief of Police, unlawfully refused Plaintiff gainful employment because it perceived her as an individual with a disability as that term is defined by the Americans with Disabilities Act.

20. As a direct and proximate result of the Defendant's actions, Plaintiff suffers, and continues to suffer present and future pecuniary losses, including, but not limited to loss of wages, bonuses, and retirement benefits. In addition, Plaintiff has sustained, as a direct and proximate result of Defendant's actions, damages in the form of emotional distress, including, but not limited to humiliation, anxiety, depression, loss of professional reputation and standing. Accordingly, Plaintiff is entitled to compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court to:

A. Grant a permanent injunction enjoining the Defendant from engaging in unlawful employment practices, including, but not limited to acts of reprisal at those individuals who complain of employment practices made unlawful by Title VII and/or acts of discrimination on the basis of a perceived disability in violation of the Americans with Disabilities Act.

B. Order the Defendant to make the Plaintiff whole by providing her with compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00) for the loss of present and future lost wages, bonuses, incentives, retirement and other employment benefits, as well as for her emotional distress, anxiety, humiliation, and loss of reputation caused by the acts of the Defendant.

C. Award Plaintiff her reasonable costs and attorney fees incurred in this action.

D. Grant such further and different relief to the Plaintiff as the Court deems necessary and proper under the circumstances.

## JURY TRIAL DEMANDED

The Plaintiff demands a jury trial regarding the matters alleged herein.

This the 17th day of July, 2008.

*Jenny L. Sharpe*
Jenny L. Sharpe, Esq.
Attorney for Plaintiff
N.C. State Bar No. 13698

5120 Monroe Road
Post Office Box 473306
Charlotte, NC 28247-3306
Telephone: (704) 567-5297
Direct Dial: (704) 858-2581
Facsimile: (704) 567-5389
Email: sharpeattorney@gmail.com

# EXHIBIT A
## (Nitzu v. Town of Mooresville, N.C.)

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA  ☒ EEOC | 430-2007-01155 |

and EEOC

_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Kimberly Nitzu | (704) 663-5299 | 06-13-1967 |

Street Address: 227 Everett Park Drive, Mooresville, NC 28115

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| MOORESVILLE, TOWN OF | 201 - 500 | (704) 664-3311 |

Street Address: 750 W. Iredell Avenue, Mooresville, NC 28115

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 11-07-2006   Latest: 11-07-2006
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Please see attachment to charge of discrimination.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

Date / Charging Party Signature

Case 5:08-cv-00091-RLV-DCK   Document 1-1   Filed 08/08/08   Page 11 of 18

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form. | ENTER CHARGE NUMBER<br>☐ FEPA<br>☒ EEOC<br>430-2007-01155 |
|---|---|

_____ and EEOC
(State or local Agency, if any)

| NAME (Indicate Mr., Ms., or Mrs.)<br>**Kimberly Nitzu** | HOME TELEPHONE NO. (Include Area Code)<br>(704) 663-5299 | DATE OF BIRTH<br>6-13-67 |
|---|---|---|
| STREET ADDRESS<br>227 Everett Park Drive | CITY, STATE AND ZIP CODE<br>Mooresville, NC 28115 | COUNTY<br>Iredell |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>**Town of Mooresville** | NO. OF EMPLOYEES/MEMBERS<br>300+ | TELEPHONE NUMBER (Include Area Code)<br>(704) 664-3311 |
|---|---|---|
| STREET ADDRESS<br>750 W. Iredell Avenue | CITY, STATE AND ZIP CODE<br>Mooresville, NC 28115 | |
| NAME | | TELEPHONE NUMBER (Include Area Code) |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))<br><br>☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br><br>☐ AGE  ☒ RETALIATION  ☒ DISABILITY  ☐ OTHER (Specify) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE: **11/7/2006**<br>(Month, day, year) |
|---|---|

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):

**Please see attachment to charge of discrimination.**

[Stamp: RECEIVED DIRECTOR DEC 8 2006 Charlotte District Office]

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements)<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and beliefs. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |
| **KIMBERLY NITZU**<br>Date    Charging Party Signature<br>12/18/06 | (Day, month and year) |

*Attachment to Charge of Discrimination*
*Kimberly Nitzu v. Town of Mooresville, NC*
*EEOC Charge No.* _____

I. I am an adult citizen and resident of Iredell County, North Carolina. My date of birth is June 13, 1967; my social security number is 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.

II. I was employed as a police officer by the Respondent during the period February, 2000 through approximately February, 2002. During my employment with the Respondent at that time, I filed an internal complaint of sexual harassment against police sergeant, Michael Layton. My complaint of sexual harassment was investigated and was verified. Soon after the completion of this investigation, I voluntarily resigned from my employment with Respondent and went to work for another employer.

III. During September, 2006, I applied for employment as a police officer with the Respondent. In connection with my application, I received a conditional offer of employment from the Respondent on September 28, 2006, subject to psychological testing. Up to that point, I had passed the background check, as well as the medical and physical testing required of the position. Inasmuch as I was given a conditional offer of employment, I met or exceeded the necessary qualifications for the position and was deemed worthy of hire. *See*, 42 U.S.C. §12112(d)(3). My starting salary with Respondent was to be $33,948.00 per year.

IV. On or about October 13, 2006, the Respondent's recruiting officer, Brian Anderson, advised me, through my husband, that it would be safe for me to give notice of my resignation to my current employer and that my employment with the Respondent seemed certain. Relying on this representation, I resigned from my then current employment – which had paid me an annual salary of $40,000.00 - and awaited notification of my start date from the Respondent.

V. By correspondence dated November 7, 2006, I was notified by Respondent's chief of police, that my conditional offer of employment with the Respondent had been withdrawn on the basis of my background and psychological evaluation. To my knowledge, I do not suffer from any medical or psychological condition that might impair my ability to perform the essential functions of a police officer or which impairs any major life activity. Furthermore, by the time of Respondent's conditional offer of employment, a background check had been completed.

VI. Based upon these facts, I contend that I was refused employment by the Respondent because of my sex and/or in retaliation for my previous participation in a sexual harassment investigation in violation of Title VII of the Civil Rights Act of 1964, as amended. In addition, I contend that the Respondent denied me employment because it perceived me as an individual with a disability in violation of the Americans with Disability Act.

PRIVACY ACT STATEMENT: Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. FORM NUMBER/TITLE/DATE. EEOC Form 5, Charge of Discrimination (5/01).

2. AUTHORITY. 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117.

3. PRINCIPAL PURPOSES. The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. ROUTINE USES. This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION. Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII or the ADA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# EXHIBIT B
## (Nitzu v. Town of Mooresville, N.C.)



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Charlotte District Office

129 West Trade Street, Suite 400
Charlotte, NC 28202
(704) 344-6682
TTY (704) 344-6684
FAX (704) 344-6734 & 6731

OCT 1 2007

Charge No.: 430-2007-01155

Kimberly Nitzu
227 Everett Park Drive
Mooresville, NC 28115

Charging Party

Mooresville, Town of
750 W. Iredell Avenue
Mooresville, NC 28115

Respondent

## Determination

I issue the following determination on the merits of the subject charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended and The Americans with Disabilities Act.

Charging Party alleges that she was denied a Police Officer position due to her sex (female) and in retaliation for having complained about sexual harassment. Charging Party further alleges that the Respondent also discriminated against her because of her disability it its decision not to hire her.

Respondent denies the Charging Party's allegations and asserts that it did not discriminate against the Charging Party because of her sex (female) or in retaliation for filing an internal complaint of sexual harassment, nor in violation of the ADA. The Respondent asserts that it made the decision not to hire the Charging Party based on legitimate non discriminatory reasons.

Evidence obtained during the investigation supports Charging Party's allegation and does not support Respondent's defense. Evidence shows that in part, the reason why the Charging Party was not hired was her complaint of sexual harassment. Therefore, based upon the evidence, there is reasonable cause to believe that the Respondent failed to hire Charging Party in retaliation for having complained about practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

There insufficient evidence to show that Charging Party's sex (female) or her disability was factors in the Respondent's decision not to hire the Charging Party.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation.

Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. The confidentiality provisions of Sections 706 and 709 of Title VII and Commission Regulations apply to information obtained during conciliation.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the Office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

On Behalf of the Commission:

OCT 1 2007

Date

Reuben Daniels
District Director

| STATE OF NORTH CAROLINA | ) | |
|---|---|---|
| | ) | **VERIFICATION** |
| IREDELL COUNTY | ) | |
| | ) | |

     KIMBERLY NITZU, being duly sworn, deposes and says:

     She is the Plaintiff in the foregoing civil action; that she has read the Complaint filed in this action; that the allegations contained in that document are true and are based upon her own knowledge and belief; and as to those matters and things stated in her Complaint upon information and belief, she believes them to be true.

     This the 17 day of July, 2008.

_____
KIMBERLY NITZU

Sworn to and subscribed before me
this the 17 day of July, 2008.

_____
Notary Public

My commission expires: 8/24/2011

[Notary Seal: DANA D CRAIG, NOTARY PUBLIC, MECKLENBURG COUNTY, NC]