UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CIVIL ACTION NO.: 5:08-cv-00091

| | |
|---|---|
| KIMBERLY NITZU, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TOWN OF MOORESVILLE, )<br>)<br>Defendant. )<br>_____ ) | **ANSWER** |

NOW COMES the Defendant, Town of Mooresville, by and through counsel, and responding to the Complaint of Plaintiff, and alleges and says as follows:

## FIRST DEFENSE

The Complaint fails to state, in whole or in part, a claim against the Defendant upon which relief may be granted, pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

Defendant responds to the specific allegations contained in Plaintiff's Complaint as follows:

1. Denied for lack of information and knowledge sufficient to form a belief.

2. It is admitted that the Town of Mooresville, North Carolina was and continues to be a political subdivision of the State of North Carolina. Except as admitted, the remaining allegations contained in Paragraph 2 of the Plaintiff's Complaint are denied as stated.

3. The allegations contained in Paragraph 3 constitute legal conclusions for which no response is required.

4. It is admitted that Defendant employed the Plaintiff as a police officer during the period beginning February, 2000 through October, 2002. Except as admitted, the remaining allegations contained in Paragraph 4 of the Plaintiff's Complaint are denied.

5. It is admitted that during her employment with Defendant, Plaintiff filed an internal complaint of sexual harassment against another employee and that Defendant appropriately investigated the complaint and took appropriate action. It is further admitted that on or about October 2002 Plaintiff voluntarily resigned from her position as a police officer and accepted employment with Nationwide Insurance Company. Except as admitted herein, the remaining allegations contained in Paragraph 5 of the Plaintiff's Complaint are denied as stated.

6. It is admitted that in September of 2006 Plaintiff reapplied for employment as a police officer with the Defendant and received a conditional offer of employment from Defendant on September 28, 2006, subject to psychological testing. It is further admitted that Plaintiff passed the physical testing required for the position. Except as admitted herein, the allegations contained in Paragraph 6 of the Plaintiff's Complaint are denied.

7. The allegations contained in the first sentence of Paragraph 7 are denied. The remaining allegations are denied for lack of information and knowledge sufficient to form a belief.

8. It is admitted that by correspondence dated November 7, 2006, Chief of Police Crone notified Plaintiff that her conditional offer of employment with Defendant had been withdrawn on the basis of her background and psychological evaluation. Except as admitted herein, the remaining allegations contained in Paragraph 8 of the Plaintiff's Complaint are denied and/or denied for lack of information and knowledge sufficient to form a belief.

9. The allegations or contentions contained in Paragraph 9 are denied.

10. It is admitted that on December 28, 2006, Plaintiff filed a charge of discrimination with the Charlotte District Office of the US Equal Employment Opportunity Commission, styled *Kimberly Nitzu v. Town of Mooresville, EEOC Charge Number 430-2007-01155*. It is admitted that the contents of Plaintiff's charge of discrimination speak for themselves. Except as admitted, the remaining allegations contained in Paragraph 10 of the Plaintiff's Complaint are denied.

11. It is admitted that on October 1, 2007, the US Equal Employment Opportunity Commission issued a Determination in the matter of EEOC Charge Number 430-2007-01155, the contents of which speak for themselves. Except as admitted, the remaining allegations contained in Paragraph 11 of the Plaintiff's Complaint are denied.

12. Admitted.

13. The allegations contained in Paragraph 13 of the Plaintiff's Complaint constitute conclusions of law for which no response is required. To the extent a response is required, denied as stated.

14. The allegations contained in Paragraph 14 of the Plaintiff's Complaint constitute conclusions of law for which no response is required. To the extent a response is required, denied as stated.

15. Defendant hereby incorporates herein by reference its responses to Paragraphs 1 through 14 of the Plaintiff's Complaint as if fully set forth herein.

16. Denied.

17. Denied.

18. Defendant hereby incorporates herein by reference its responses to Paragraphs 1 through 17 of the Plaintiff's Complaint as if fully set forth herein.

19. Denied.

20. Denied.

21. The remainder of Plaintiff's Complaint, not already fully answered herein, including Plaintiff's prayer for relief, is denied.

## THIRD DEFENSE

The employment practices of the Defendant are now, and have been during the period of time referred to in the Plaintiff's Complaint, conducted in all respects in accordance with State and Federal laws and in good faith.

## FOURTH DEFENSE

Defendant's actions and practices about which Plaintiff complains are and have been based on legitimate, non-discriminatory business reasons and are and have been necessary to the orderly, safe and efficient operation of the Town's business.

## FIFTH DEFENSE

The employment actions referenced in Plaintiff's Complaint were valid and lawful and well supported by the evidence and were sufficient to warrant the withdrawal of Plaintiff's conditional offer of employment.

## SIXTH DEFENSE

The employment actions referenced in Plaintiff's Complaint occurred solely as the result of Plaintiffs own actions.

## SEVENTH DEFENSE

Upon information and belief, Plaintiff failed to exercise reasonable diligence and ordinary care in order to minimize her damages, and Defendant pleads the doctrine of avoidable

consequences and the defense of failure to mitigate damages in bar of Plaintiff's claims against the Defendant.

## EIGHTH DEFENSE

Defendant denies that Plaintiff has been injured or damaged due to the alleged actions of the Defendant.

## NINTH DEFENSE

Defendant has not deprived, and is not depriving, plaintiff of any rights protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. ("Title VII").

## TENTH DEFENSE

For purposes of plaintiff's Title VII claims, this Court is without jurisdiction over all acts of discrimination alleged in the Complaint that were not stated in plaintiff's Charge of Discrimination filed with the EEOC.

## ELEVENTH DEFENSE

The 1991 Amendments to Title VII limit the amount of damages that plaintiff can recover against the defendant for compensatory and punitive damages. Any amount claimed in excess thereof should be dismissed.

## TWELFTH DEFENSE

Plaintiff is not otherwise qualified to perform the job in question; accordingly, Plaintiff is not a protected person under the ADA.

## THIRTEENTH DEFENSE

To the extent that Plaintiff is a qualified person with a disability and subject to the protections of the ADA, which is expressly denied, Plaintiff's claims are barred because Plaintiff's claimed disability poses a direct threat to the health and safety of the Plaintiff, the public and others in the workplace.

## FOURTEENTH DEFENSE

Even if any adverse action was taken against Plaintiff, which is again denied, Defendant's actions were required by business necessity and were based on factors other than any protected class status or activities of the Plaintiff.

## FIFTEENTH DEFENSE

Even if any adverse action was taken against Plaintiff for reasons related to a protected class status or any exercise by Plaintiff of her protected rights, which is again specifically denied, Plaintiff would have been subject to the same employment action for reasons unrelated to any protected class status or activities of Plaintiff.

## SIXTEENTH DEFENSE

The Defendant reserves the right to amend its Answer and to assert any additional affirmative defenses allowed by the Federal Rules of Civil Procedure, depending on any evidence discovered in pursuit of this litigation.

WHEREFORE, having answered each and every allegation contained in Plaintiff's Complaint, Defendant prays unto the Court as follows:

1. That the Plaintiff have and recover nothing of the Defendant by way of this action;

2. That the costs of this action, including, but not limited to attorneys fees, be taxed against the Plaintiff;

3. For a trial by jury of all issues and facts triable; and

4. For such other and further relief as the Court may deem just and proper.

This the 11th day of August, 2008.

                                            CRANFILL SUMNER & HARTZOG LLP

                                            BY:    /s/ Melody J. Canady
                                                        Patrick H. Flanagan, NC Bar #17407
                                                        Melody J. Canady, NC Bar # 35360
                                                        Post Office Box 30787
                                                        Charlotte, North Carolina 28230
                                                        Telephone (704) 332-8300
                                                        Facsimile (704) 332-9994
                                                        E-mail: mcanady@cshlaw.com

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the attached *ANSWER* on all parties to this cause by electronically filing the foregoing with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to the following:

> Jenny Sharpe, Esq.
> P.O. Box 473306
> Charlotte, NC 28247-3306
> Sharpeattorney@gmail.com

This the 11th day of August, 2008.

>                    CRANFILL SUMNER & HARTZOG LLP
>
> BY:    /s/ Melody J. Canady
>        Patrick H. Flanagan, NC Bar #17407
>        Melody J. Canady, NC Bar # 35360
>        Post Office Box 30787
>        Charlotte, North Carolina 28230
>        Telephone (704) 332-8300
>        Facsimile (704) 332-9994
>        E-mail: mcanady@cshlaw.com