# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO.: 5:08-CV-00091-RLV-DCK

| | |
|---|---|
| KIMBERLY NITZU, | ) |
| Plaintiff, | ) |
| vs. | ) **CONSENT PROTECTIVE ORDER** |
| TOWN OF MOORESVILLE, | ) |
| Defendant. | ) |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and upon agreement of counsel, and deeming it just and proper to do so, the Court enters the following Order:

1. This Order governs the handling and disclosure of all materials produced, given or filed herein by the parties and designated as "CONFIDENTIAL." For purposes of this Order, CONFIDENTIAL INFORMATION includes, but is not limited to, confidential personnel information pursuant to N.C. Gen. Stat. § 160A-168.

**WHEREFORE, IT IS HEREBY ORDERED that:**

1. "CONFIDENTIAL INFORMATION" as used herein means:

    a. All information and documents made confidential by N.C. Gen. Stat. § 160A-168;

    b. Any documents or information which are contained in a personnel file maintained by any party;

2. The documents and information produced by the parties that contain confidential information shall be marked "CONFIDENTIAL" by the parties. The confidential documents shall be disclosed only for official use in this action, and for no other purpose.

3. The CONFIDENTIAL INFORMATION shall not be otherwise reviewed, disclosed or released to anyone other than:

(A) The Court;

(B) The Parties to this action, counsel for the parties, their legal assistants and other staff members and employees;

(C) Experts or consultants retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action;

(E) Court reporters or videographers engaged to record depositions, hearings or trials in this action; and

(F) Outside companies engaged by counsel for the parties to photocopy such documents.

4. Disclosure of CONFIDENTIAL INFORMATION pursuant to this Order shall be handled as follows:

a. Any person described in subparagraphs 3(A), (B), (C) (D), (E) and (F) of this Order is bound by the provisions of this Order without the necessity of executing a separate confidentiality agreement;

b. Prior to making disclosures to any person set forth in subparagraph 3(C) of this Order, the party disclosing the CONFIDENTIAL INFORMATION shall inform any persons to whom disclosure is made that CONFIDENTIAL INFORMATION shall be used for the purposes of the prosecution or defense of this action only, and that said person shall be bound by the terms of this Order and shall execute an Agreement to be bound by the this Order. The parties shall obtain from such persons a written statement in the form of Exhibit A, attached hereto. A record of all persons to whom disclosures are made shall be kept and all the written statements signed

by those persons shall be retained in the possession, custody, and control of counsel by whom the person is retained. All CONFIDENTIAL INFORMATION, and any documents containing information derived therefrom, including copies of such documents, shall be returned to counsel by persons given access to them as soon as practicable.

5. The production or disclosure of CONFIDENTIAL MATERIALS pursuant to the terms of this Order by the producing party shall not be construed as prohibiting or restricting the use of CONFIDENTIAL INFORMATION during depositions, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections as to the relevancy, admissibility, discoverability or any other objection under the Federal Rules of Civil Procedure or the Federal Rules of Evidence in connection with any proceeding in this action.

6. No CONFIDENTIAL DOCUMENTS produced pursuant to this Order shall be used for any purpose other than for relevant and proper conduct of this litigation.

7. If any such confidential documents are used in connection with a deposition or other discovery or documents filed with the court, or are quoted or referenced in any memorandum, pleading or other paper filed with the court, the deposition transcript, filing or paper shall be submitted to the court with a request that the document be placed under seal and appropriately marked to indicate that the transcript, filing or paper is subject to the terms of this Order, or redacted so as to eliminate sensitive personal information.

8. The designation of documents or information as "CONFIDENTIAL INFORMATION" shall not be conclusive for purposes of the substantive issues in this case. In addition, any party is entitled to challenge, through an appropriate Motion to the Court, any designation herein by any other party at any time during this litigation.

9. The inadvertent, unintentional or <u>in camera</u> disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

10. Within fifteen (15) days after the entry of final judgment or dismissal in this litigation (including appeals or petitions for review), the parties' counsel, their staff, and all experts and/or consultants for the parties shall return all confidential documents produced pursuant to this Order (including all xeroxed copies of the same) to the party producing said documents or shall destroy the same with a written certification by the party's counsel of record that all such documents and copies of the same have, in fact, been returned or destroyed; provided, counsel shall be permitted to maintain such documents for their case files, which shall continue to be subject to the terms of this Order.

11. Each person who receives CONFIDENTIAL INFORMATION submits himself or herself to the personal jurisdiction of this Court, wherever he or she shall be, for the enforcement of the provisions contained in this Order.

12. Any objections made to discovery requests shall be accompanied by a draft proposed Protective Order if such Order is, or will be, requested. When counsel submits proposed Protective Orders, they shall include a provision leaving the ultimate disposition of protected materials subject to a final Order of the Court on the completion of litigation.

WE CONSENT:

      This the 15th day of September, 2008.

| | |
|---|---|
| /s/ Jenny Sharpe | /s/ Melody J. Canady |
| Jenny Sharpe, NC Bar #13698 | Patrick H. Flanagan, NC Bar #17407 |
| P.O. Box 473306 | Melody J. Canady, NC Bar # 35360 |
| Charlotte, NC 28247-3306 | Post Office Box 30787 |
| Telephone (704) 567-5297 | Charlotte, North Carolina 28230 |
| Facsimile (704)567-5389 | Telephone (704) 332-8300 |
| E-mail: sharpeattorney@gmail.com | Facsimile (704) 332-9994 |
| E-mail: mcanady@cshlaw.com | |

      SO ORDERED:

Signed: September 16, 2008

_____
David C. Keesler
United States Magistrate Judge

# EXHIBIT A

**Agreement concerning material covered by a Protective Order entered in the United States District Court for the Western District of North Carolina.**

The Undersigned acknowledges that she/he has read the Protective Order entered by the Court dated _____, 2008, in the civil action entitled Kimberly Nitzu v. Town of Mooresville (Civil Action No. 5:08-cv-00091), understands the terms thereof, and agrees to be bound by such terms. The undersigned hereby acknowledges that she/he is subject to the jurisdiction of the United States District Court for the Western District of North Carolina with regard to this Protective Order and understands (1) the violation of the Order shall subject the offender to such penalties, damages and other relief as may be permitted by law, and (2) that the jurisdiction of the Court regarding this Order survives any settlement, discontinuance, dismissal, judgment, or other disposition of this action.

_____
(Date)

_____
(Signature)

Subscribed and sworn before me,
this \_\_\_\_ day of _____, 2008.

_____
NOTARY PUBLIC

My commission expires: _____